**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| LINDA S. ASH and ABBIE JEWSOME, ) | |
| on behalf of themselves and others ) | |
| similarly situated, ) | |
| ) | Jury Trial Requested |
|       Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | Case no.:_____ |
| ANDERSON MERCHANDISERS, LLC, ) | |
| a Delaware corporation, ) | |
| Registered Agent: ) | |
| CT Corporation System ) | |
| 120 South Central Ave. ) | |
| Clayton, MO 63105 ) | |
| ) | |
| WEST AM, LLC, ) | |
| a Delaware corporation, ) | |
| Registered Agent: ) | |
| CT Corporation System ) | |
| 120 South Central Ave. ) | |
| Clayton, MO 63105 ) | |
| ) | |
| WEST AM, LLC, ) | |
| a Delaware corporation, ) | |
| Registered Agent: ) | |
| The Corporation Company, Inc. ) | |
| 112 SW 7th Street, Suite 3C ) | |
| Topeka, KS 66603 ) | |
| ) | |
| ANDERSON MERCHANDISERS, LLC, ) | |
| a Texas corporation, ) | |
| Registered Agent: ) | |
| CT Corporation System ) | |
| 1999 Bryan St., Ste 900 ) | |
| Dallas, TX 75201-3136 ) | |
| ) | |
| ANCONNECT, LLC, ) | |
| a Texas corporation, ) | |
| Registered Agent: ) | |
| 350 N. St. Paul St., Suite 2900 ) | |
| Dallas, TX 75201 ) | |
| ) | |
|       Defendants. ) | |

## COMPLAINT
## Collective Action under Fair Labor Standards Act

**COME NOW**, the Plaintiffs Linda S. Ash and Abbie Jewsome, on behalf of themselves and all others similarly situated, by and through their attorneys, and bring this action against Defendants Anderson Merchandisers, LLC, a Delaware corporation, West AM, LLC, a Delaware corporation, Anderson Merchandisers, LLC, a Texas corporation and ANConnect, LLC, a Texas corporation (hereafter collectively "Defendants") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

2.     Venue is proper in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1391(b) because Defendants operate their business in this district and are subject to this Court's personal jurisdiction, and a substantial part of the events or omissions giving rise to the claim alleged herein occurred in this district.

### PARTIES

3.     Defendant Anderson Merchandisers, LLC is an active Delaware limited liability company registered to do business in the State of Missouri and, upon

2

information and belief, other states nationwide.

4.     Defendant West AM, LLC is an active Delaware limited liability company registered to do business in the States of Missouri, Kansas, Arkansas and, upon information and belief, other states nationwide.

5.     Defendant Anderson Merchandisers, LLC is an active Texas limited liability company registered to do business in the State of Texas and, upon information and belief, other states nationwide.

6.     Defendant ANConnect, LLC is an active Texas limited liability company registered to do business in the State of Texas and, upon information and belief, other states nationwide.

7.     Defendants are engaged in interstate commerce by, among other things, providing merchandising and promotional services throughout retail stores in the United States.  On Defendants' website, it states that its associates work "coast to coast" and provide their services to stores "nationwide."

8.     During all relevant times, defendants Anderson Merchandisers, LLC, a Delaware corporation, West AM, LLC, a Delaware corporation, Anderson Merchandisers, LLC, a Texas corporation, and ANConnect, LLC, a Texas corporation, were part of an integrated enterprise and, as such, were plaintiffs' employer.  During all relevant times, and upon information and belief, all of these defendants shared interrelated operations, centralized control of labor relations, common management and common ownership and/or financial control.

9.     Defendants are, and have been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

10. Plaintiff Linda S. Ash resides in Jackson County, Missouri. Plaintiff Ash works for Defendants as a full-time Territory Sales Lead (a/k/a Sales Merchandiser) and performs these duties for compensation in Missouri.

11. Plaintiff Abbie Jewsome resides in the State of Kansas. Plaintiff Jewsome works for Defendants as a full-time Territory Sales Lead (a/k/a Sales Merchandiser) and performs these duties for compensation in Kansas.

12. Plaintiffs, and others similarly situated, are current or former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13. Plaintiffs and others similarly situated have been employed by Defendants within three years prior to the filing of this lawsuit. *See* 29 U.S.C. § 255(a).

14. Plaintiffs bring this action on behalf of themselves and other similarly situated employees pursuant to 29 U.S.C. § 216(b).

15. Plaintiffs and others similarly situated are individuals who are, or were, employed by Defendants as Territory Sales Lead (a/k/a Sales Merchandiser) (hereafter collectively referred to as "merchandisers"), or as employees with similar job duties throughout the country during the applicable statutory periods.

## FACTUAL ALLEGATIONS

16. Plaintiffs and others similarly situated worked as full-time merchandisers for Defendants.

17. Defendants describe their services to their customers as connecting consumer brands to shoppers throughout the Wal-Mart stores through a broad array of point-to-point services that provide customized marketing and merchandising programs for their customers in order to maximize their customers' sales, increase efficiencies and reduce costs.

18.     As merchandisers, Plaintiffs and others similarly situated had or have the primary duty of product promotions, product placement and signage, sales floor presentation, and other point of sale techniques regarding customers' products at Wal-Mart stores.

19.     Defendants classify the Plaintiffs and other similarly situated employees as non-exempt and entitled to overtime pay under the FLSA.

20.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.  When calculating the regular rate of pay, it shall include all nondiscretionary compensation.

21.     Regardless of location, Defendants, upon information and belief, failed to pay Plaintiffs and others similarly situated one and one-half times the correct regular rate of pay for all hours worked in excess of forty per workweek.

22.     Regardless of location, Defendants, upon information and belief, attempted to pay overtime to the Plaintiffs and others similarly situated based upon the "fluctuating workweek" as set forth in 29 C.F.R. § 778.114 in that they only paid overtime to said persons at a rate of one-half their regular rate of pay for all hours worked in excess of forty per work week.

23.     Regardless of location, Defendants, upon information and belief, failed to meet the necessary requirements under 29 C.F.R. § 778.114 to pay Plaintiffs and others similarly situated overtime under the "fluctuating workweek" in that said persons were not paid a fixed salary per workweek regardless of hours worked, and said persons' hours did not fluctuate week to week as required under the regulation.  In turn,

5

Plaintiffs and others similarly situated were denied overtime compensation owed under the FLSA.

24.     Regardless of location, Defendants, upon information and belief, required Plaintiffs and others similarly situated to perform work tasks during uncompensated meal breaks.  In turn, Plaintiffs and others similarly situated were denied overtime compensation owed under the FLSA.

25.     Regardless of location, Defendants, upon information and belief, were aware and/or encouraged Plaintiffs and others similarly to perform work off the clock. In turn, Plaintiffs and others similarly situated were denied overtime compensation owed under the FLSA.

26.     Regardless of location, Defendants, upon information and belief, failed to include all income when calculating the regular rate of pay.  In turn, Plaintiffs and others similarly situated were denied overtime compensation owed under the FLSA.

27.     Defendants were aware, or should have been aware, that Plaintiffs and other similarly situated employees were not paid a fixed salary per workweek regardless of hours worked, that said persons' hours did not fluctuate week to week as required under the regulation, that said persons were required to perform work during uncompensated meal breaks, that said persons did not report all hours worked, and that Defendants failed to include all compensation paid when calculating the regular rate of pay.

28.     Defendants' conduct was willful and in bad faith.

29.     Upon information and belief, Defendants did not keep accurate records of these hours worked by Plaintiffs and others similarly situated as required by law.

30.     Defendants were aware of the hours and overtime hours that Plaintiffs and

6

others similarly situated worked.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

32.     Plaintiffs file this action on behalf of themselves and all individuals similarly situated.  The proposed Collective Class for the FLSA claims is defined as follows:

> All persons who worked as full time Territory Sales Leads and/or Sales Merchandisers (or persons with similar job duties) for Defendants at any time since three years prior to the filing of this Complaint (hereafter the "FLSA Collective").

33.     Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A.

34.     During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation at the rate of one and one-half times their regular rate for their overtime hours worked.

35.     Defendants failed to preserve records relating to these hours worked as required by 29 C.F.R § 516.2.

36.     Plaintiffs and the FLSA Collective are victims of Defendants' widespread, repeated, systematic and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201 *et seq.*, and that have caused significant damage to Plaintiffs and the FLSA Collective.

37.     Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing

7

to pay Plaintiffs and other similarly situated employees a fixed salary per workweek regardless of hours worked and knowing that said persons' hours did not fluctuate week to week as required under the regulation; requiring said persons to perform work during uncompensated meal breaks, knowing that said persons did not report all hours worked, and failing to include all compensation paid when calculating the regular rate of pay

38.     Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

39.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and others similarly situated, and, as such, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' common policies and practices as set forth herein, and who would benefit from the issuance of a Court-supervised notice of this lawsuit and the opportunity to join.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
#### The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*
#### *On Behalf of Plaintiffs and Those Similarly Situated*

40.     Plaintiffs, on behalf of themselves and others similarly situated, re-allege and incorporate the preceding paragraphs by reference as if fully set forth herein.

41.     The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

42.     Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours per week without paying overtime

compensation one and one-half times the correct regular rate of pay for all hours worked over forty (40) hours per workweek, requiring them to work during uncompensated breaks, knowing that they did not report all hours worked, and failing to include all compensation when calculating the regular rate of pay.

43.     Defendants' actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to properly compensate Plaintiffs and the FLSA Collective for overtime worked.

44.     Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals overtime compensation in violation of the FLSA.

45.     As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered, and will continue to suffer, a loss of income and other damages.  Plaintiffs and the FLSA Collective are entitled to liquidated damages, attorney's fees and costs incurred in connection with this claim.

46.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

47.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for, the fact that their compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, pray for relief as follows:

a)   Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b)   Judgment against Defendants finding they failed to pay the FLSA Collective overtime as required under the FLSA;

c)   Judgment against Defendants for the FLSA Collective for unpaid back wages, and back wages at the applicable overtime rates;

d)   An amount equal to their damages as liquidated damages;

e)   A finding that Defendants' violations of the FLSA are willful;

f)   All costs and attorneys' fees incurred prosecuting this claim;

g)   An award of prejudgment interest (to the extent liquidated damages are not awarded);

h)   Leave to add additional plaintiffs by motion, the filing of consent forms, or any other method approved by the Court;

i)   Leave to amend to add additional state law claims; and

j)   All further relief as the Court deems just and equitable.

Respectfully Submitted,



BROUS HORN LLC
ATTORNEYS AT LAW

_/s/ Brendan J. Donelon_
Brendan J. Donelon, MO #43901
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:     (816) 221-7100
Fax:     (816) 709-1044
brendan@donelonpc.com


ATTORNEYS FOR PLAINTIFFS

_____
Tammy L. Horn MO #39012
Carrie M. Brous MO #44920
**Brous Horn LLC**
P.O. Box 26646
Overland Park, KS  66225
(913) 897-7877
Fax (913) 982-2515
thorn@broushorn.com
cbrous@broushorn.com

ATTORNEYS FOR PLAINTIFFS