IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LINDA S. ASH and ABBIE JEWSOME, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ANDERSON MERCHANDISERS, LLC, et al. <br><br> Defendants. | Case No.: 4:14-cv-0358-DW |

**<u>PLAINTIFFS' SUGGESTIONS IN SUPPORT OF MOTION UNDER RULE 60(b) OR RULE 59(e) TO VACATE JULY 2, 2014 ORDER AND JULY 9, 2014 CLERK'S JUDGMENT, RE-OPEN CASE AND SUBSTITUTE COMPLAINT WITH FIRST AMENDED COMPLAINT ATTACHED TO MOTION AS EXHIBIT A</u>**

Pursuant to Local Rule 7.0(c), Plaintiffs Linda Ash and Abbie Jewsome, by and through their counsel of record, provide these Suggestions in Support of their Motion Under Rule 60(b) or Rule 59(e) To Vacate the July 2, 2014 Order (Doc. 13) and July 9, 2014 Clerk's Judgment (Doc. 14), Re-Open the Case and Substitute the Complaint (Doc. 1) with the First Amended Complaint attached to Plaintiffs' Motion as Exhibit A.

Plaintiffs move to vacate the Court's Order of July 2, 2014 and the ensuing July 9, 2014 Clerk's Judgment under Rule 60(b) or, alternatively, under Rule 59(e). On July 2, 2014, the Court ordered that Defendants' Motion to Dismiss under Rule 12(b)(6) (Doc. 9) was granted and that Plaintiff's Complaint (Doc. 1) was dismissed and directed the clerk to mark the case as closed. *See* July 2, 2014 Order at 6 (Doc. 13). The Clerk's Judgment subsequently was entered on July 9, 2014 (Doc. 14). Although Plaintiffs requested leave to amend their Complaint in their Suggestions in Opposition to Defendants' Motion to Dismiss if the Court found the Complaint to

be deficient (Doc. 11 at p.15), the Court found that "to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion," and dismissed the case without first allowing Plaintiffs to file a motion to amend with a proposed amendment. *See* July 2, 2014 Order at 6 (quoting *United States v. Mask of Ka-Nefer-Nefer*, 2014 WL 2609621, at * 4 (8th Cir. June 12, 2014) (citations and quotations omitted)). In *Mask*, the Eighth Circuit found that "it is well-settled that plaintiffs 'remain free where dismissal orders do not grant leave to amend to seek vacation of the judgment under Rules 59 and 60(b) and offer an amended complaint in place of the dismissed complaint.'" *See id.* (quotation omitted). Accordingly, Plaintiffs seek vacation of the July 2, 2014 Order and July 9, 2014 Clerk's Judgment under Rules 60(b) and/or 59(e) and offer a First Amended Complaint in place of the dismissed Complaint.[1]

**I.      Plaintiffs Meet the Standard Under Rule 60(b) to Vacate the Judgment and Allow Them To File Their First Amended Complaint in Place of the Dismissed Complaint.**

The Eighth Circuit recently noted that the district court "may not ignore the Rule 15(a)(2) considerations that favor affording parties an opportunity to test their claims on the merits" and dictated that post-judgment "leave to amend *will be granted* if it is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." *See Mask*, 2014 WL 2609621, at *4 (emphasis added) (citations omitted). Here, Plaintiffs meet both standards under Rule 60(b), as well as Rule 59(e) (see *infra* at 7-9), and they should be allowed leave to substitute their First Amended Complaint in order to meet Rule 15(a)(2)'s requirement that their claims be tested on the merits.

---

[1] The opinion in *Mask* was not decided until June 12, 2014, six days after Plaintiffs filed their Suggestions in Opposition to Defendants' Motion to Dismiss (Doc. 11). Defendants did not cite the *Mask* opinion in their arguments, including their Reply Suggestions in Support filed on June 23, 2014 (Doc. 12).

Rule 60 sets forth the circumstances under which a court may grant relief from a judgment or order. Rule 60(b) is entitled "Grounds for Relief From a Final Judgment, Order or Proceeding," and provides, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons," including "any [reason] that justifies relief." The Eighth Circuit in *Mask* found that a "district court has discretion under Rule 60(b) to grant post-judgment leave to file an amended complaint if the motion is 'made within a reasonable time,' Rule 60(c)(1), and the moving party shows 'exceptional circumstances' warranting 'extraordinary relief.'" *Id.* at *5 (citations omitted).

Here, Plaintiffs' Motion has been made within a reasonable time and, unlike the circumstances in *Mask,* there are exceptional circumstances here that warrant providing Plaintiffs their requested post-judgment leave to amend. In *Mask,* the plaintiff never sought leave to amend before the entry of dismissal. *See id.* Here, however, Plaintiffs requested leave to amend in writing in their Suggestions in Opposition to Defendants' Motion to Dismiss (Doc. 11 at p.15). Although the Court found this request for leave to be deficient because it did not attach the proposed amendment, Plaintiffs did attempt to seek leave to replace the Complaint with a First Amended Complaint in the event the Court found the original Complaint to be deficient. This was prior to the Court's Order dismissing the Complaint. There was no such pre-dismissal request of any kind made by the plaintiff in *Mask*.

Two other circumstances differentiate this case from *Mask*. First, in *Mask*, the plaintiff delayed over *eleven months* after they were on notice of possible pleading deficiencies from defendant's motion to dismiss in requesting leave for the first time after dismissal of the complaint. *See id.* at *4. Here, there was no such delay, as Plaintiffs made a timely request for leave only 14 days after Defendants' Motion to Dismiss (Doc. 11 at 15) and before the Court

3

dismissed the original Complaint. Any delay between May 23 when Defendants filed their Motion to Dismiss and now is non-prejudicial to Defendants and such delay is an insufficient reason to deny leave to amend post dismissal. *See, e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 993-94, 995-96 (8th Cir. 2001) (reversing district court's refusal to allow post-dismissal amendment of complaint even though plaintiff failed to file amendment for eleven months after dismissal; finding "[d]istrict court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving partly, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated.").

Second, the situation in *Mask* was significantly different from this case because there was a parallel action pending in *Mask* that provided the "opportunity to 'test the merits'" of the claim. *See Mask*, 2014 WL 2609621, at *5. Here, there are no other pending actions on the merits of the claims. The proposed amendment is necessary so that Plaintiffs will have an opportunity to test their claims on the merits.

The Eighth Circuit dictated this result in *Sanders v. Clemco Industries* where it reversed the district court's post-dismissal denial of the plaintiff's motion to amend the judgment to allow amendment of the complaint to cure pleading deficiencies. 823 F.2d 214, 216 (8th Cir. 1987). The plaintiff argued that granting leave to amend would not prejudice the defendants and denying leave would result in substantial injustice in that plaintiff would be denied a legal remedy. The Eighth Court agreed, finding that the district court had abused its discretion in denying post-dismissal leave to amend and holding that amendment should have been allowed under Rule 15(a)'s requirement that "leave shall be freely given when justice so requires" when amendment was "necessary to afford [p]laintiffs 'an opportunity to test his claims on the merits.'" Denying Plaintiffs this opportunity here would result in a substantial injustice. *See id*.

This is the first amendment that Plaintiffs seek, there has been no prejudicial delay and Plaintiffs will have no opportunity to test the merits of their claims unless their Motion is granted. *See, e.g., Mask*, 2014 WL 2609621, at *5 (citations omitted) (setting forth cases finding that plaintiff's non-prejudicial delay in seeking post-dismissal leave to amend insufficient reason to deny leave and allowing post-dismissal leave to amend "where the amendment was needed to afford plaintiff 'an opportunity to test his claim on the merits'"); *Haynes v. City of Chicago*, 2014 WL 274107, at *2 (N.D. Ill. January 24, 2014) (granting plaintiff's request to re-open case under both Rules 60(b) and 59(e) to amend complaint; acknowledging that plaintiff "was not given an opportunity to amend his complaint," which was contrary to general rule of thumb that plaintiff generally should be given one opportunity to amend unless there was undue delay by plaintiff). *See also In re Weichman*, 422 B.R. 143, 160-61 (Bankr. N.D. Ind. 2010) ("Thus, when the court has determined that a Rule 12(b)(6) motion should be granted with respect to a complaint, the court will provide the plaintiff with one chance to file an amended complaint before the complaint or case is dismissed with prejudice, if 'a more carefully drafted complaint might state a claim.'"); 5 Wright & Miller, *Federal Practice & Procedure*, § 1357 at 611-13 ("A dismissal under Rule 12(b)(6) generally is not on the merits and the court normally will give plaintiff leave to file an amended complaint.").

In the cases relied upon by the Court in its July 2, 2014 Order dismissing Plaintiffs' Complaint for failure to plead sufficient facts to support an employment relationship or an FLSA violation, the plaintiffs were given opportunities to amend (for a third time) or allowed to have the case proceed on the merits as to at least one of the defendants. *See, e.g., Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 9-10 (1st Cir. 2012) (providing plaintiffs with a third opportunity to amend their complaint to cure pleading deficiencies concerning employer

5

relationship in FLSA action); *Lloyd v. Ace Logistics, LLC,* 2008 WL 5211022 (W.D. Mo. Dec. 12, 2008) (dismissing one defendant on the basis of Rule 12(b)(6) and plaintiff's failure to plead sufficient facts alleging that defendant was plaintiff's employer but allowing case to proceed on the merits against other defendant who admitted it was plaintiffs' employer). Justice requires that Plaintiffs be allowed to substitute their Complaint with the First Amended Complaint.

Attached to Plaintiffs' Motion is a proposed First Amended Complaint that cures the deficiencies found by the Court. It specifically identifies by name and title who hired Plaintiffs and who Plaintiffs believe controls their work schedules and conditions of employment. It identifies where Plaintiffs believe their employment records are maintained and who Plaintiffs believe determined their method of pay.[2] It specifically identifies who required Plaintiffs to work off the clock and what work they were required to do off the clock and without compensation. And it identifies specific examples of paychecks evidencing that Defendants failed to pay Plaintiffs for a minimum of 40 hours per week, as required by the fluctuating workweek

---

[2] While Plaintiffs generally know they work for "Anderson Merchandisers," there is no such corporate entity by that exact name in existence. Plaintiffs know the names of the individuals who hired them and the name of the individual who supervises them but they do not know with certainty the corporate entity that employs these individuals. They know that people in the "home office in Texas" establish their work schedules, control their conditions of employment, store their employee records and determine their method of pay but again they do not know with certainty exactly which corporate entity employs those individuals or performs those functions. Without the benefit of discovery, Plaintiffs cannot know these facts and complexities of Defendants' corporate structure, which are perplexing, frequently shifting, seemingly conflicting and understood only by defendants at this stage. This is not a situation where the direct employer is easily identifiable to Plaintiffs, as was the case in the *Cavallaro v. UMass Memorial Health Care, Inc.* opinion cited by the Court at 4 of its July 2, 2014 Order. There, the court recognized as "implicit" in the FLSA employer analysis this underlying "assumption that the entity for which plaintiffs work is identifiable." 2011 WL 2295023, at *5 (D. Mass. June 8, 2011) (emphasis added), *vacated and remanded in part, affirmed in part*, 678 F.3d 1, 10 (1st Cir. 2012). Even though the court there believed the plaintiffs knew the identity of the direct employer but refused to plead it for strategic reasons, the court still allowed the plaintiffs leave – for a third time – to amend to correct pleading deficiencies. Plaintiffs' direct employer here is far from easily identifiable, as evidenced by the numerous specific and detailed allegations set forth in the First Amended Complaint attached as Exhibit A to Plaintiffs' Motion.

exemption to the FLSA. Th1e proposed First Amended Complaint identifies where exactly Plaintiffs work, what it is they do and for how long they have done it. Finally, the First Amended Complaint alleges that all similarly situated employees are subject to the same illegal policies or practices. This will be Plaintiffs' first amendment and it cures deficiencies found by the Court. Plaintiffs' Motion should be granted pursuant to Rule 60(b), and the proposed First Amended Complaint should be substituted for the dismissed Complaint because, like the cases cited in *Mask*, the post-dismissal amendment is "needed to afford plaintiff 'an opportunity to test his claim on the merits.'" *See Mask*, 2014 WL 2609621, at *5 (citations omitted); *See also Haynes v. City of Chicago,* 2014 WL 274107, at *2.

    **II.**    **Plaintiffs Also Meet the Standard Under Rule 59(e) to Vacate the Judgment and Allow Them To File Their First Amended Complaint in Place of the Dismissed Complaint.**

Rule 59(e), entitled "Motion to Alter or Amend a Judgment," provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Unlike the plaintiff in *Mask*, Plaintiffs' Motion here is timely, as it has been filed well under 28 days after the entry of the judgment, or by July 30, 2014. *See Mask,* 2014 WL 2609621, at *4 (noting 28-day deadline under Rule 59(e) and holding that the district court lacks jurisdiction over a motion under Rule 59(e) if not filed within the 28-day time period). A motion under Rule 59(e) to alter or amend the judgment should be granted if it shows "the need to correct a clear error of law *or* prevent manifest injustice." *See Innovative Home Health Care, Ins. v. PT-OT Assoc.*, 141 F.3d 1284, 1286 (8th Cir. 1998) (emphasis added) (court did not abuse its discretion when it granted motion to alter or amend judgment and dismissed counterclaims without prejudice because of complexity of state law issues).

Here, Plaintiffs' Motion should be granted under Rule 59(e) to prevent manifest injustice. Plaintiffs attempted to move to amend their Complaint just two weeks after Defendants' Motion to Dismiss at the very outset of the case and before dismissal. The case is still in its infancy and there will not be any significant prejudice to Defendants. There is no bad faith on the part of the Plaintiffs who, understandably, have incomplete information in their possession about the complexities of Defendants' confusing and seemingly conflicting corporate structure. Further, in pleading the FLSA claims, the Plaintiffs followed case law in the Western and Eastern Districts of Missouri regarding the necessary factual allegations. *See Nobles v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 1131100 (W.D. Mo. Mar. 28, 2011) (rejecting same arguments for dismissal based on deficiencies in pleading FLSA violations as presented by Defendants in this case), *Arnold v. DirecTV, Inc.*, 2011 WL 839636 (E.D. Mo. Mar. 7, 2011) (rejecting same arguments for dismissal based on deficiencies in pleading FLSA joint employer and violations as presented by Defendants in this case).

Finally, and significantly, if the Court does not grant their Motion, Plaintiffs Linda Ash and Linda Jewsome will be denied the opportunity to have their case heard on the merits. *See, e.g., In re Bear Stearns Companies, Inc. Securities, Derivative and ERISA Litigation*, 2011 WL 4357166, at *2 (S.D.N.Y. Sept. 13, 2011) (granting plaintiffs' motion under Rule 59(e) to amend order to provide that dismissal of the first amended complaint was without prejudice and granting leave to file a *second* amended complaint) (noting that the following analysis was instructive in ruling on Rule 59(e) motion: "A sound theory of pleading should normally permit at least one amendment of a complex ERISA complaint that has failed to state a claim where, as here, the Plaintiffs might be expected to have less than complete information about defendants' organization and ERISA responsibilities, where there is no meaningful evidence of bad faith on

the part of the plaintiffs, and where there is no significant prejudice to defendants."). *See also Ferluga v. Eickhoff,* 236 F.R.D. 546, 549-550 (applying Rule 59(e) standard and changing dismissal of claims to dismissal without prejudice and allowing plaintiff to file *third* amended complaint after dismissal of claims for failure to state a claim; "court cannot say that it appears beyond a doubt that [plaintiff] could prove no set of facts which would entitle him to relief if he were allowed to amend his complaint"). *See generally Thomas*, 847 F.2d at 773 (citations omitted) (stating that in cases where a plaintiff was not afforded leave to amend in response to Rule 12(b)(6) motion to dismiss and subsequently seeks to amend after dismissal by asking the district court to vacate its order of dismissal pursuant to Rule 59(e), the standard to apply in deciding such a motion is found in Rule 15(a), which directs that leave to amend "shall be freely given when justice so requires."); *Ross v. A.H. Robins Co.,* 607 F.2d 545, 547 (2nd Cir. 1979) (reversing dismissal with prejudice; noting that it is "hesitant to preclude the prosecution of a possibly meritorious claim because of defects in the pleadings.").

## **Conclusion**

For all of the foregoing reasons, Plaintiffs' Motion to Vacate the July 2, 2014 Order and July 9, 2014 Clerk's Judgment Under Rule 60(b) or Rule 59(e), Re-Open the Case and Substitute the First Amended Complaint for the Complaint should be granted. Plaintiffs should be allowed to substitute their proposed First Amended Complaint for the Complaint that was dismissed by the Court's July 2, 2014 Order, and the Clerk should be instructed to re-open the case.

Alternatively, Plaintiffs request that the July 2, 2014 Order be amended to provide that the dismissal of the Complaint was without prejudice, that the July 9, 2014 Clerk's Judgment be vacated, that the Clerk be instructed to re-open the case and that Plaintiffs' First Amended Complaint be substituted for the original Complaint. *See, e.g., In re Bear Stearns,* 2011 WL

9

4357166, at *1, 3 (granting plaintiff's motion seeking amendment of order dismissing plaintiffs' first amended complaint to provide that the dismissal was without prejudice and granting plaintiffs leave to file second amended complaint).

Respectfully submitted,

*/s/ Tammy L. Horn*
Carrie M. Brous MO #44920
Tammy L. Horn MO #39012
Brous Horn LLC
P.O. Box 26646
Overland Park, KS 66225
(913) 897-7877
Fax (913) 982-2515
thorn@broushorn.com
cbrous@broushorn.com

Brendan J. Donelon, MO #43901
420 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:  (816) 221-7100
Fax:  (816) 709-1044
brendan@donelonpc.com
ATTORNEYS FOR PLAINTIFFS

**Certificate of Service**

The Plaintiffs hereby certify that on July 11, 2014, and true and correct copy of the above and foregoing was sent to the following via the W.D.Mo. CM/EFC requirements and all standing orders:

| | |
|---|---|
| Daniel B. Boatright | Wesley E. Stockard |
| LITTLER MENDELSON, P.C. | Margaret Thoma Blackwood |
| 1201 Walnut Street | Bradley E. Strawn |
| Suite 1450 | LITTLER MENDELSON, P.C. |
| Kansas City, MO 64106 | 3344 Peachtree Road N.E. |
| Telephone: (816) 627-4401 | Suite 1500 |
| Facsimile: (816) 817-7703 | Atlanta, GA 30326.4803 |
| dboatright@littler.com | 404.233.0330 |
| | wstockard@littler.com |
| | mblackwood@littler.com |
| | bstrawn@littler.com |
| | **Attorneys for Defendants** |

*/s/ Tammy L. Horn*
Attorney for Plaintiffs